WILLIAM B. GREENOUGH, Atty Gen., *ex rel., vs.* DANIËL D. WATERMAN, Town Clerk.

APRIL 9, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Certificates of Nomination.  Nomination Papers.  Elections.*

Gen. Laws, 1909, cap. 11, provides for "nomination of candidates in convention or caucus," evidenced by "certificates of nomination," and for "nomination of candidates by individual voters," contained in the "nomination papers" signed by the voters.

Section 31 of an act to incorporate the city of Cranston provides that at elections under the act the provisions of chapter 11 of the Gen. Laws of 1909 shall be observed, in so far as they are not inconsistent.

Cap. 11, §18 of the General Laws provides that "Certificates of nomination and nomination papers for officers referred to in . . . this chapter shall be filed at least fifteen days . . . previous to the day of the election for which the candidates are nominated."

Section 33 of the act incorporating the city of Cranston provides, "All certificates of nomination of candidates to be voted for at said first election shall be filed with the town clerk at least nine days before said first election:"—

*Held,* that "certificates of nomination" and "nomination papers" were not synonymous terms, but were separate and distinct, and therefore only "certificates of nomination" were provided for by the act, leaving "nomination papers" to be filed under Gen. Laws, 1909, cap. 11, § 18. Johnson and Sweetland, JJ., dissenting.

MANDAMUS.   Heard on petition for writ, and dismissed.

DUBOIS, C. J. This is a petition for a writ of *mandamus,* brought by the Attorney General, at the relation of Edward M. Sullivan, for himself and other citizens, to compel the .respondent, as town clerk of the town of Cranston, to place upon the official ballot to be used in the election to be held in said Cranston on the nineteenth day of April, 1910, the names of said Sullivan and the other candidates for office named in the "Independent Citizens" nomination papers. The said nomination papers were filed in the town clerk's office, with the respondent, on the sixth day of April. The respondent based his refusal upon the ground that said nomination papers should have been filed on or before April 4, 1910, under the provisions of Gen. Laws, 1909, cap. 11, § 18, which reads as follows: "Certificates of nomination and nomination-papers for officers referred to in section one of this chapter shall be filed at least twenty days, and such certificates and papers for officers referred to in sections two and three of this chapter shall be filed at least fifteen days, previous to the day of the election for which the candidates are nominated, and may be filed by any person lawfully in possession of the same for that purpose."

The petitioner claims that the provisions of section 33 of "An act incorporating the city of Cranston" control the present election. Section 33 reads as follows: "The first meeting of electors for the election of a mayor and members of the city council of the city of Cranston, under this act, shall be held on the 19th day of April, A. D. 1910, and shall be called and warned by the town clerk of the town of Cranston in the manner prescribed by law for the calling of town meetings. The town council of said town shall designate one or more voting-places within each voting-district of said town for said first election, and at least five days prior to the date of such election shall appoint a warden and clerk for each of such voting-places, to serve at such election, who shall be engaged to the faithful performance of their duties as prescribed by law. At said first election the voters of said town qualified to vote for general officers shall give in their votes for a mayor of the city of Cranston, and the voters of said town qualified to vote for the imposition of a

tax or the expenditure of money, and residing within the boundary of a ward of the city of Cranston as such ward is hereinbefore described, shall give in their votes for four members of the city council to represent such ward in the city council of the city of Cranston, and four members of said city council shall be elected from each of such wards. The chairman of the town committee of any political party which shall have, at the election for general officers next preceding such first election, polled at least two per cent. of the total votes cast for the candidates for governor, and which desires to hold caucuses for the purpose of selecting candidates to be voted for at said first election, shall at least two days before any such caucus appoint a caucus chairman and a caucus clerk for each ward caucus, which said caucus chairman and clerk shall be qualified electors residing within the boundaries of the ward in which they are to serve, and members of such political party: *Provided, however*, that such chairman shall have given to the town clerk of said town ten days' notice, in writing, of the date selected for such caucuses. It shall be the duty of the town clerk of said town, in and at the expense of said town, to provide meeting places within the boundaries of each ward, for such caucuses, and to notify, in writing, such chairman, as to the places so provided, at least five days prior to the date selected for holding such caucuses; but no such caucus shall be held within two days, exclusive of Sundays, of the last day for filing the certificates of nomination for said first election. All certificates of nomination of candidates to be voted for at said first election shall be filed with the town clerk at least nine days before said first election. Within twenty-four hours, exclusive of Sunday, after the filing of any such certificate, every person so nominated for any office shall file with the said town clerk his acceptance of such nomination, signed by him, and in making up the ballot to be used at said first election said town clerk shall not place thereon the name of any person who has failed to so signify his acceptance of such nomination."

(1)    The contention of the petitioner is that the words "All certificates of nomination of candidates to be voted for at said first election shall be filed with the town clerk at least nine days before said first election," are sufficiently broad to include nomination papers as well as certificates of nomination. It is provided by section 31 of said act that: "At all elections held under the provisions of this act the polls shall be opened at six o'clock in the morning and shall remain open until seven o'clock in the evening, and no longer; and at all such elections the provisions of Chapter 11 of the General Laws, 1909, entitled 'Of election by secret ballot,' and of all acts in amendment thereof and in addition thereto, shall be observed, in so far as the same are not inconsistent with the requirements of this act." Gen. Laws, 1909, cap. 11, provides for "Nomination of candidates in convention or caucus" (sections 4 to 7, both inclusive), and for "nomination of candidates by individual voters" (sections 8 to 15, both inclusive). The nominations in convention or caucus are evidenced by "certificates of nomination," while the nomination by individual voters is contained in the "nomination papers" signed by the voters. While both of said papers, without violence to the language, could easily have been regarded as "certificates of nomination," the legislature did not see fit to so combine them, or to consider them as synonymous terms, but for many years has seen fit to classify them as separate and distinct. In the face of such consistent usage, continued for so long a time, without exception, so far as we know, can we say that it was clearly the legislative intent in section 33 of the act incorporating the city of Cranston, to disregard their previous classification, continued through various revisions of the statutes, and to combine "certificates of nomination" and "nomination papers" in the same class? We think not. An examination of said section 33 discloses the fact that caucuses are therein provided for; "caucuses for the purpose of selecting candidates to be voted for at said election;" that "no such caucus shall be held within two days, exclusive of Sundays, of the last day for filing the 'certificates of nomination' for said first election," and

that " all ' certificates of nomination' of candidates to be voted for at said first election shall be filed with the town clerk at least nine days before said first election." The town of Cranston had no caucus law before this, and this caucus law is limited to the first election to be held thereunder. As this was a new provision concerning the town and city of Cranston, and confined to one election, it was proper to direct what steps should be taken to ensure a compliance with its direction, even to the fixing of the time within which certificates should be filed with the town clerk. It would have been competent for the legislature to have added the words "and nomination papers" after the word "nomination," so that the clause would have read, "All certificates of nomination and nomination papers of candidates to be voted for at said first election shall be filed with the town clerk at least nine days before said first election;" but they did not. They could have fixed different times, if they had seen fit, with equal propriety; it being a question of expediency, and consequently purely legislative. But this they did not do. They merely provided for the certificates, and left the nomination papers to be filed under the provisions of Gen. Laws, 1909, cap. 11 § 18. Individual voters have not been deprived of the privilege of making their nominations as usual, and no complaint is made that the time was too brief in which to obtain nominations on nomination papers for filing fifteen days before election; on the contrary, it was stated that the petitioners were cautioned to return such nomination papers under the provisions of Gen. Laws, 1909, cap. 11, § 18, but did not see fit to do so. In these circumstances we can not say that the legislature intended to have the word *certificates* include nomination papers.

The petition is therefore denied and dismissed.

BLODGETT AND PARKHURST, JJ., concur.

SWEETLAND, J., dissenting. In the act creating the city of Cranston there appears to be no reason for the discrimination, and I am of the opinion that it was not the intention of the

legislature to make  an unjust distinction between those candidates, to be voted for at the first election in said city, who are nominated at party caucuses and those who are nominated by individual voters upon nomination papers. Under the provisions of section 31 of said act, it is clearly intended that candidates to be voted for at said first election may have their names printed upon the official ballot when nominated by individual voters upon nomination papers. The only provision in said act for bringing nominations to the knowledge of the town clerk, in order that said clerk may place a nomination upon the official ballot, is contained in section 33 of said act, and is as follows: "All certificates of nomination of candidates to be voted for at said first election shall be filed with the town clerk at least nine days before said first election." The expression "certificates of nomination," as used in that section, may well be construed to include nomination papers, and should be so construed if such construction will best express what must have been the intention of the General Assembly in enacting a law dealing equitably and impartially with every class of electors in said city. The word "certificate" in its broad signification imports "a verification" and a nomination paper, signed by the requisite number of voters is, in fact, a verification, or a certificate that the voters signing said paper have nominated the person named therein as a candidate for the office named therein. This construction of the word "certificates," as used in said section, is supported by the broad language of the provisions of the act above quoted.

It is clearly inequitable that one group of voters who desire to nominate a candidate upon nomination papers should not have an equally long period to prepare and file their nominations with the town clerk as that given to another group of voters in the new city, even though the latter may constitute a recognized political party. The court, in my opinion, should not adopt a construction of the act which leads to a conclusion as to legislative intention which is thus inequitable, when another construction is properly and fairly possible, which

gives to every group of voters in the city the same privileges and opportunities.

I am of the opinion that the writ should issue.

Mr. Justice Johnson concurs in this opinion.

*Edward M. Sullivan, Joseph McDonald,* for petitioners.
*Benjamin W. Grim,* for respondent.